**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN MCNEILL,<br><br>    Plaintiff,<br>vs.<br><br>SPECIALIZED LOAN SERVICING LLC, *et al.*,<br><br>    Defendants. | Case No.: 2:18-cv-02232-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Specialized Loan Servicing LLC ("SLS"). Plaintiff Brian McNeill ("Plaintiff") filed both a Response and Counter Motion to Amend the Complaint, (ECF Nos. 14, 15), and SLS filed a Reply, (ECF No. 18). For the reasons stated herein, the Court **DENIES** SLS' Motion to Dismiss and **GRANTS** Plaintiff's Motion to Amend the Complaint.

**I. BACKGROUND**

Plaintiff filed the instant action on November 20, 2018, seeking damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and defamation. (Compl., ECF No. 1). On December 17, 2018, SLS moved to dismiss the Complaint for failure to state a claim under either cause of action. (Mot. to Dismiss, ECF No. 11). On December 31, 2018, Plaintiff requested leave to file an Amended Complaint which "clarifies the allegations" and "omits the defamation claim." (Mot. to Amend 6:16–19, ECF No. 15).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If the pleading is one to which a responsive pleading is required, the party may also amend within "21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Upon review, the Court finds sufficient grounds to grant Plaintiff's Motion to Amend. Defendant Equifax Information Services LLC first answered Plaintiff's Complaint on December 12, 2018, and Plaintiff filed the instant Motion to Amend within 21 days. (Answer, ECF No. 9); (Mot. to Amend, ECF No. 15). Plaintiff has not previously amended the Complaint. Accordingly, Plaintiff has a right to amend as a matter of course and need not have requested permission from the Court. *See* Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, the Court grants Plaintiff's Motion to Amend pursuant to Federal Rule of Civil Procedure 15. Additionally, the Court denies SLS' Motion to Dismiss as moot. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Counter Motion to Amend, (ECF No. 15), is **GRANTED**. Plaintiff shall file the First Amended Complaint separately on the docket within fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** that SLS' Motion to Dismiss, (ECF No. 11), is **DENIED without prejudice as moot**.

**DATED** this 20 day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge